81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandra S. SAWYER, Plaintiff-Appellant,
v.
RESOLUTION TRUST CORPORATION, as Receiver for Western
Federal Savings & Loan, Defendant-Appellee.
 No. 94-56230.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1996.*
Decided March 29, 1996.
 
 1
 Before: WALLACE and T.G. NELSON, Circuit Judges, and BROWNING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The district court dismissed Sawyer's complaint for damages against the Resolution Trust Corporation ("RTC"), as receiver for Western Federal Savings & Loan, on the basis that her action is barred by the res judicata effect of the two summary judgment orders issued against Sawyer in her state action for malicious prosecution against Western.
 
 
 4
 For the reasons stated below, the district court's order is AFFIRMED.
 
 
 5
 Since the parties are familiar with the facts, we need not recite them here.
 
 DISCUSSION
 
 6
 "The doctrine of res judicata includes two distinct types of preclusion, claim preclusion and issue preclusion." Robi v. Five Platters Inc., 838 F.2d 318, 321 (9th Cir.1988). "Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." Id. (quotations omitted). Claim preclusion also "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Id. at 322 (quotations omitted).
 
 
 7
 Under California law, the doctrine of res judicata applies if the following three elements can be answered in the affirmative: "(1) was the previous adjudication on the merits, (2) was it final, and (3) does the current dispute involve the same 'claim' or 'cause of action?' " Id. at 324.
 
 
 8
 In the case at hand, Sawyer's first cause of action seeks attorney fees and costs arising from the underlying Western lawsuit. The first cause of action states in part:
 
 
 9
 14. Plaintiff has been damaged by Defendant Western and is entitled to attorney fees and costs in Los Angeles Superior Court Case No. C 616003 and for attorney fees and costs on appeal in the Court of Appeal for the State of California, Second Appellate District, Division Seven, Case No. B60505, pursuant to its order, in the amount of $100,750.03.
 
 
 10
 Sawyer's fifth cause of action also seeks damages arising from the underlying Western lawsuit. The fifth cause of action states in part:
 
 
 11
 44. On September 9, 1986[,] Western filed suit against plaintiff for a conspiracy to commit fraud and fraud.
 
 
 12
 45. The inclusion of the spurious causes of action referred to in paragraph 44 was for the purpose of vexing, harassing and annoying plaintiff and for the purpose of obtaining a settlement of litigation with plaintiff although the claims of Western against plaintiff for "conspiracy to commit fraud and fraud" were totally without merit....
 
 
 13
 In her prior state action for malicious prosecution, Sawyer also sought damages for alleged injury suffered by her as a result of the underlying Western lawsuit. That complaint stated in part:
 
 
 14
 7. On September 9, 1986[,] Western filed suit against plaintiff for, among other things, "unjust enrichment."
 
 
 15
 ....
 
 
 16
 10. The said action was commenced and prosecuted against plaintiff with malice and without probable cause in that defendant knew that claim of Western against plaintiff described above was false at the time the action was commenced, and because of such malice plaintiff seeks damages in a sum to be established at trial, together with punitive damages.
 
 
 17
 The elements of res judicata have been satisfied. First, the prior state action for malicious prosecution was adjudicated on the merits. A disposition by summary judgment is a judgment on the merits for the purposes of res judicata. Jackson v. S.I. Hayakawa, 605 F.2d 1121, 1125 n. 3 (9th Cir.1979), cert. denied, 445 U.S. 952 (1980). Second, the state malicious prosecution action is final in that the California Supreme Court has declined to review Sawyer's appeal of the final summary judgment orders. Swaffield v. Universal Ecsco Corp., 76 Cal.Rptr. 680, 687-88 (1969). Third, as the excerpts from the two complaints indicate, both the present claim for damages and the prior malicious prosecution action arose out of the underlying Western lawsuit. Therefore, Sawyer's claim for damages from the Western lawsuit should have been alleged in her state action for malicious prosecution.
 
 
 18
 We reject Sawyer's contention that her claim for damages in the conspiracy claim could not have been included in the prior malicious prosecution action. Sawyer initially filed the malicious prosecution action on May 18, 1992. However, that complaint was dismissed without prejudice pending the outcome of her appeal in the underlying Western lawsuit. After the California appellate court reversed the jury verdict in the underlying Western lawsuit on November 18, 1992, Sawyer filed an amended complaint for malicious prosecution on March 29, 1993. Thus, Sawyer could have included her claim for damages related to the conspiracy claim in her March 29, 1993, amended complaint.
 
 
 19
 Finally, we reject Sawyer's argument that the conspiracy issue was never adjudicated. In Robi we held, "Claim preclusion prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties regardless of whether they were asserted or determined in the prior proceeding." 838 F.2d at 322 (quotations omitted).
 
 
 20
 For the reasons stated above, the first and fifth causes of action for damages are barred by the doctrine of res judicata.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3